IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARL J. GRIFFITH,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 09-cv-924-WDS** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 08-cr-30027** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.." After carefully reviewing the motion in the present case and the Court's own records, the Court concludes that Petitioner is not entitled to relief, and the motion must be dismissed.

Pursuant to a written Plea Agreement and Stipulation of Facts, Petitioner pleaded guilty to conspiring to manufacture, distribute, and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner was sentenced as a "career offender" under U.S.S.G. § 4B1.1 to 247 months imprisonment, 8 years supervised release, a $100 assessment, and a $300 fine. Petitioner did not appeal either his conviction or his sentence. In the instant motion, Petitioner contends that he was "promised" a sentence between 130 to 162 months.

Petitioner entered into a Plea Agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, he waived his right to a direct appeal and to a collateral attack under § 2255. Specifically, the Plea Agreement provides in relevant part:

> The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.

Plea Agreement at ¶ III.2 (Doc. 43, criminal case).

Moreover, with regard to his sentence, the Plea Agreement states that:

> The Government and Defendant submit to the Court that it **appears** that under the Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of 27 and a Criminal History Category of VI, where the sentencing range is 130-162 months and the fine range is $12,500 - $4,000,000. **The Government and Defendant also submit to the Court that these submissions are not intended to be binding on the Court and the Court ultimately will determine the guideline range** after receiving the Presentence Report and giving both parties the opportunity to comment thereon. **The Defendant expressly recognizes that, regardless of the guideline range found or the sentence imposed by the Court, he will not be permitted to withdraw his plea.**

(*Id*. at ¶ II.3, emphasis added). The Plea Agreement further provides that "this Plea Agreement and Stipulation of Facts constitutes the entire agreement . . . and that no promises, inducements or representations, other than those specifically set forth in this Plea Agreement and Stipulation of Facts, were made to induce him to enter into this Plea Agreement." In short, Petitioner was not promised a lesser sentence. Although Petitioner expected a lesser sentence, that expectation was not binding upon the Court - a fact which Petitioner acknowledged in the Plea Agreement. That

Petitioner received a harsher sentence that he expected does not permit Petitioner to avoid the Plea Agreement.

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of § 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190. *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

For the waiver to apply, however, Petitioner's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon his relevant conduct. The maximum penalty for the crime in question is life imprisonment. 21 U.S.C. §§ 841(b)(B)(1) and 851. Based upon the conduct to which Petitioner admitted and others attributed to him, his applicable range of imprisonment was 262 to 327 months; Petitioner ultimately was

sentenced to 247 months imprisonment. There is no basis in the record for avoiding this waiver, as the Court neither relied upon constitutionally impermissible factors in resentencing Goss nor sentenced him above the statutory maximum.

Because the waiver provisions of a plea agreement are enforceable, Petitioner has waived any right to bring this Section 2255 motion. Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: May 12, 2010.**

                                        **s/ WILLIAM D. STIEHL**
                                            **DISTRICT JUDGE**